FILED
SALINE COUNTY
CIRCUIT CLERK

**IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS**
**CIVIL DIVISION**

2022 JUL 21  AM 9: 49

BY_____ JM _____

**ZACH RYBURN**

     **Plaintiff,**

v.

**CROSS COUNTRY MORTGAGE, LLC**

     **Defendant.**

Case No.: 63 CV-22- 853-2

**COMPLAINT**

**JURY DEMAND**

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE**
**CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ. AND ARKANSAS**
**DECEPTIVE TRADE PRACTICES ACT**

       Comes now the Plaintiff, Zach Ryburn, and for his Complaint for Damages and

Injunctive Relief against Defendant, states:

**PARTIES, JURISDICTION, AND VENUE**

       1.     Plaintiff, Zach Ryburn, is and was at all relevant times, a resident of Saline

County, Arkansas.

       2.     Defendant, Cross Country Mortgage, ("Cross Country" hereafter), is an Ohio

corporation with its corporate office in Brecksville, OH, which advertises and transacts business

in the state of Arkansas, including Saline County.  Cross Country may be served through its

1

3.     This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 16-4-101 and venue is proper pursuant to Ark. Code Ann. § 16-55-213.

4.     This Court has jurisdiction over this matter and the parties hereto pursuant to Ark. Code Ann. § 4-106-202(c)(1).

5.     This Court has personal jurisdiction over the Defendants pursuant to Ark. Code Ann. § 4-106-202(b).

6.     The TCPA specifically states that this Court shall have jurisdiction over violations of 47 U.S.C. § 227(b), pursuant to 47 U. S. C. §227(b)(3), (c)(5). Arkansas Law specifically grants jurisdiction over this matter and these Defendants pursuant to A.C.A. § 4-88-113(d)(3) and A.C.A. § 4-106-202(b) as the Defendants, and each of them, are subject to liability under A.C.A. § 4-106-202 and A.C.A. § 4-88-113(f).

## BACKGROUND

### The Telephone Consumer Protection Act

7.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing… can be an intrusive invasion of privacy[.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243. §2(5)(1991)(47 U.S.C. § 227).

8.     The National Do Not Call Registry allows consumers to register their telephone number and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

2

9.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2).

## Automated Telemarketing Calls are Prohibited by the TCPA

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  See 47 U.S.C. § 227(b)(3).

11.  "Voluminous consumer complaints about abuses of telephone technology - for example, computerized calls dispatched to private homes - prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

"[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an

3

emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy."

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

13.     Plaintiff is a resident of Saline County, Arkansas.

14.     Plaintiff is the authorized user of and controls his personal cell phone number: (501) 454-****.

15.     According to its website, Defendant Cross Country is in the mortgage business including offering refinancing, home equity loans, and new mortgages.

16.     Defendant Cross Country, uses, directs, or employs telemarketing to promote and market their products/services.

17.     On at least twenty (20) occasions, between the dates of October 25, 2019 and January 29, 2020, Defendants placed automatically-dialed telemarketing calls to Plaintiff's personal cellular telephone number, (501) 454-****, many of which were placed using various, fraudulent, "spoofed" phone numbers. The numbers sometimes contained the area code of nearby areas, in an apparent attempt to disguise the call as coming from a local caller.

18.     11 calls from the number 818-789-7755 were placed between October 23, 2019 and February 21, 2020 with an additional call on January 15, 2021. These calls included opening stating, "This is James/Dave from National Mortgage Center" and "This is James from American Financial." The calls also used "Kevin with Mortgage Advisors."

4

19.     On one of the 11 calls from 818-789-7755 on November 26, 2019, the caller stated he was Dave with Mortgage Advisors who transferred Plaintiff to Cross Country mortgage with a representative named John who attempted to sell Plaintiff mortgage products.

20.     On December 10, 2020, Plaintiff received a call from 562-426-5183, an agent who identified himself as Parry with National Mortgage Center. The agent knew Plaintiff's full name. This call attempted to sell Plaintiff mortgage refinance services and transferred the Plaintiff to a "supervisor." This call attempted to sell Plaintiff mortgage refinance services and ended after attempting to transfer the Plaintiff to a "licensed state mortgage officer"

21.     Plaintiff received a call from 530-238-8120 on December 11, 2020, an agent who identified himself as Jack with Mortgage Advisors. This call featured the same hold music as the call on December 10, 2020 and the caller used the Plaintiff's full name. This call attempted to sell Plaintiff mortgage refinance services and ended after attempting to transfer the Plaintiff to a "supervisor."

22.     Plaintiff received a call from 914-368-2603 on December 17, 2020 and April 8, 2021. The first call attempted to sell Plaintiff refinancing services. The caller asked if the Plaintiff had "ever sued any companies, loan companies, the bankers?" and quickly ended the call. The second call from this number asked for the Plaintiff by name and called himself Eddie from Mortgage Center. This caller attempted to sell Plaintiff mortgage refinancing products and knew details related to Plaintiff's home and home value. This caller also asked if Plaintiff had ever sued a mortgage company.

23.     Plaintiff received a call from 214-618-1712 on December 22, 2020. This call included an automated, "Hello?" when Plaintiff initially picked up. The caller identified himself

5

as Kevin from National Mortgage Centers. The caller attempted to sell the Plaintiff mortgage products.

24.     Plaintiff received a call from 501-454-5685 on January 14, 2020 from Cody with American Mortgage attempting to sell the Plaintiff mortgage products/services.

25.     On a call from 818-789-7755 on January 15, 2021, a caller used Plaintiff's name, and asked if Plaintiff was an attorney and if Plaintiff was going to sue him.

26.     Plaintiff received a call from 501-480-1072 on June 23, 2021 from Jerry with National Mortgage Center.

27.     Plaintiff received a call from 501-445-3683 on June 23, 2021 in which the caller stated he was James from American Mortgage who attempted to transfer Plaintiff to Cross Country Mortgage.

28.     Upon information and belief, "James," "Kevin," and "Dave" are fictitious names used by the same calling entity.

29.     Upon information and belief, "National Mortgage Center/Advisors," and "American Mortgage," are fictitious names used by the same calling entity.

30.     Plaintiff has no business relationship with the Defendant and never requested, prompted, or consented to these calls. The calls were placed to Plaintiff's personal cellular phone for no legitimate purpose other than to solicit business for Defendant.

31.     These twenty (20) calls were placed using automated dialing equipment as evidenced by prerecorded marketing messages and/or long, silent pauses after answering, and/or computerized "bloop" sounds, followed by the call being transferred to a sales person.

6

32.    Plaintiff spoke with General Counsel for Cross Country Mortgage on February 25, 2021 about the TCPA violations described herein. The General Counsel said that he would investigate and contact Plaintiff in a week. He did not contact Plaintiff and the calls continued.

33.    At no time did Plaintiff give consent to be called by Defendant.  Any perceived interest during these calls was feigned by Plaintiff solely for the purpose of identifying the caller(s) due to the callers' efforts to hide their identity(ies).

34.    Prior to, during and following these calls, Plaintiff did not do any business with Defendants, nor did he provide his cellular telephone number. Neither Defendant nor its agents had Plaintiff's prior express written consent to make these calls.

35.    Plaintiff's personal cell phone number, (501) 454-****, has been registered with the National Do Not Call Registry since June 30, 2015; more than 31 days prior to the calls.

36.    Plaintiff received these twenty (20) calls on his private cellular telephone, as defined and set forth in 47 C.F.R. § 64.1200(a)(1)(iii).  Plaintiff's telephone number is registered with AT&T as a cellular telephone number and is used for personal, lawful purposes.

37.    These telemarketing solicitations constitute "calls" under the TCPA that were not for emergency purposes.

38.    Plaintiff suffered actual damages, including but not limited to: invasion of privacy, depletion of cell phone battery, wasting of personal time and cellular minutes/data, and preventing Plaintiff from using his personal telephone for lawful purposes.

39.    Upon information and belief, Defendant placed or had control over the placement of each of the twenty (20) calls to the Plaintiff's cell phone or had these calls placed by its

agents. Defendant had substantial control over said agents, including which products were sold, how the products were sold, the price of the products, the call center script used to sell the products, the locations targeted, the phone numbers being called, marketing material being used, training of call center employees, payment of commissions, maintenance of call centers and call center equipment, among other decisions in the telemarketing process.

40.     These calls were placed or caused to be placed by Defendant to an Arkansas resident, the Plaintiff, who was known by the Defendant to be an Arkansas resident.  The calls described herein were aimed at Arkansas and its residents in an effort to advertise products and services to those residents.

41.     Each of these twenty (20) calls was made by or on behalf of Defendant.

42.     These telephone sales calls and/or "robocalls" violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR 64.1200(a)(1)(iii), 47 CFR 64.1200(a)(1), and 47 CFR 64.1200(c)(2).

43.     At least four (4) of these calls were made in violation of Ark. Code Ann. § 4-88-107 (a)(11)(A) because Defendants employed a "spoofed" phone number. The callers utilized Arkansas area codes or generated phone numbers and/or area codes in an attempt to fraudulently conceal the identity of the callers or to cause Plaintiff to answer the calls by deception in order to more effectively market their products.

## CAUSES OF ACTION

### COUNT 1- Negligent Violation of the TCPA's "Robocall" Prohibition,

### 47 U.S.C. § 227 et seq.

8

44.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.     As a result of Defendant's and/or Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46.     Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 2- Knowing or Willful Violation of the TCPA's "Robocall" Prohibition, 47 U.S.C. § 227 et seq.**

47.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.     As a result of Defendant's and/or Defendant's agents' knowing or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

49.     Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 3- Negligent Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.**

50.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.     As a result of Defendant's and/or Defendant's agents' negligent violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

52.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT 4- Knowing and/or Willful Violation of the TCPA's "Sales Call" Prohibition, 17. U.S.C. § 227 et seq.**

53.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54.     As a result of Defendant's and/or Defendant's agents' knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F) and 47 CFR 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

55.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## DAMAGES AND RELIEF SOUGHT

A.    For awards of $500.00 for each negligent violation as set forth in counts 1-4;

B.    For awards of $1,500.00 for each knowing and/or willful violation as set forth in counts 1-4.

      - Total federal statutory damages: **$60,000.00** (twenty calls each consisting of: "sales call" and "RoboCall" violations, with treble damages for each.)

C.    Plaintiff relied on Defendant's use of "spoofed" numbers when he answered the above described calls and subsequently suffered actual financial losses. Pursuant to 4-88-113(f)(1)(A) and 4-88-113(f)(3), Plaintiff is entitled to the recovery of reasonable attorney's fees should he retain an attorney.

D.    Injunctive relief, as set forth in Counts 1-4, against Defendants and each of them to prevent future wrongdoing;

E.    Pre and post judgment interest at the maximum legal rate;

F.    All such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

## **CONCLUSION**

**WHEREFORE,** Plaintiff prays for the above-mentioned remedies, including but in no way limited to an award of the costs, interest, and fees incurred in connection with this matter, and for all other just and proper relief to which Plaintiff may be entitled. Plaintiff reserves the right to add additional claims as they may arise through further factual investigation and discovery.

Respectfully Submitted,

Zach Ryburn
650 S. Shackleford Dr. Ste. 231
Little Rock, AR 72211
501-228-8100
zryburn@gmail.com